**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

**April 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROGER D. FRALEY,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0158** (BOR Appeal No. 2054652)
                  (Claim No. 2017017662)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger D. Fraley, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alpha Natural Resources, Inc., by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 19% permanent partial disability award on May 2, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its September 24, 2019, Order and granted a 33% award. The Order was reversed by the Board of Review on January 30, 2020, and the claims administrator's decision was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . . (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Office of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W.Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Office of Ins. Comm'r*, 227 W.Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

Mr. Fraley, an electrician, was injured in the course of his employment on January 17, 2017. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Fraley injured his right shoulder and abdomen while lifting a five gallon can of oil. Mr. Fraley underwent surgery to repair a hernia on January 18, 2017. Mr. Fraley developed cervical symptoms and on January 23, 2017, he underwent a cervical MRI which showed stable anterolisthesis of C3 on C4; worsening right neuroforaminal narrowing at C3-4, secondary to a combination of anterolisthesis, endplate spurring, and facet degenerative changes; a mixed spondylotic disc protrusion at C3-4, resulting in moderate right and mild left neuroforaminal narrowing; and mild central disc protrusions at C5-6 and C6-7, causing mild bilateral neuroforaminal narrowing at C5-6. The claim was held compensable for right shoulder sprain and umbilical hernia on January 26, 2017.

On March 6, 2017, Mr. Fraley underwent an upper extremity EMG/NCS which revealed active C5-6 radiculopathy on the right, moderate bilateral carpal tunnel syndrome, and peripheral polyneuropathy in both arms. A March 20, 2017, right shoulder MRI showed acromioclavicular joint arthropathy with capsulitis, a partial thickness tear of the supraspinatus tendon, a partial tear of the biceps tendon, edema involving the teres minor, labrum degenerative changes without a discrete tear, and subscapularis tendinopathy throughout. The claims administrator authorized a cervical discectomy and fusion on June 15, 2017. The surgery was performed on July 13, 2017.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on April 10, 2018, in which he found that Mr. Fraley had reached maximum medical improvement. Mr. Fraley fully recovered from his umbilical hernia and had no residual impairment. For the right shoulder, Dr. Mukkamala assessed 9% impairment but noted that Mr. Fraley was previously awarded 14% right shoulder impairment in another claim and was therefore fully compensated. For the cervical spine, Dr. Mukkamala found 11% impairment due to range of motion loss. Dr Mukkamala placed Mr. Fraley in Category IVD of Table 75 from the American Medical Association's *Guides to the Evaluation of Permanent* Impairment (4th ed. 1993) for 11% impairment. The combined impairment was 21%. Dr. Mukkamala then placed Mr. Fraley in Cervical Category IV from West Virginia Code of State Rules § 85-20, which allows for between 25% and 28% impairment. Dr.

Mukkamala therefore adjusted his rating to 25% impairment. He then apportioned 12% impairment for preexisting degenerative cervical spondylosis. His total impairment rating was 13%.

The claims administrator granted a 19% permanent partial disability award on May 2, 2018. The claims administrator noted that Mr. Fraley had only received 3% in prior right shoulder permanent partial disability, and he was therefore granted the additional 6% found in Dr. Mukkamala's report.

On July 17, 2018, Bruce Guberman, M.D., performed an independent medical evaluation in which he placed Mr. Fraley in Cervical Category IVD from Table 75 of the AMA *Guides* for 11% impairment. Using the range of motion model, Dr. Guberman found 8% impairment. He then placed Mr. Fraley in Category IV from West Virginia Code of State Rules § 85-20 and adjusted his rating to 25%. Dr. Guberman declined to apportion the impairment rating. He found that Mr. Fraley had no symptoms prior to the compensable injury and therefore had no preexisting impairment. For the right shoulder, Dr. Guberman found 13% impairment and apportioned 3% for Mr. Fraley's prior right shoulder award. Mr. Fraley had no permanent impairment as a result of his compensable hernia. Dr. Guberman combined the 25% cervical impairment and the 10% right shoulder impairment for a total of 33% impairment.

Michael Kominsky, D.C., performed an independent medical evaluation on November 1, 2018, in which he found no permanent impairment due to Mr. Fraley's healed hernia. For the right shoulder, Dr. Kominsky assessed 13% impairment. For the cervical spine, Dr. Kominsky placed Mr. Fraley in Cervical Category IVD for 11% impairment. He also assessed 8% impairment for range of motion loss and 24% for radiculopathy for a total of 37% cervical spine impairment. Dr. Kominsky then placed Mr. Fraley in Cervical Category IV from West Virginia Code of State Rules § 85-20 and adjusted the impairment to 28%. His combined total impairment rating was 37%.

On April 25, 2019, Marsha Lee Bailey, M.D., performed an independent medical evaluation in which she diagnosed chronic neck pain without radiculopathy. She opined that the neck pain was the result of degenerative spine disease. The right shoulder complaints were found to be the result of degenerative joint disease. For the cervical spine, Dr. Bailey placed Mr. Fraley in Category IVE from Table 75 of the AMA *Guides* for 11% impairment. Mr. Fraley's range of motion measurements were pain restricted and invalid. Dr. Bailey placed Mr. Fraley in Cervical Category IV from West Virginia Code of State Rules § 85-20 and adjusted the rating to 25%. She then apportioned 22% for severe preexisting degenerative disc disease, degenerative joint disease, and spondyloarthropathy. She noted that Mr. Fraley was treated for the conditions prior to the work injury.[1] For the right shoulder, Dr. Bailey found 10% impairment but apportioned the entire

---

[1]The record indicates Mr. Fraley was previously treated for cervical spine symptoms. On March 9, 2016, Mr. Fraley reported neck and back pain to Zouhair Kabarra, M.D. A cervical x-ray showed degenerative changes at C4-5 with narrowing and endplate spurring. Rajesh Patel, M.D., diagnosed C4-5 cervical degenerative disc disease and cervical radiculitis on August 3, 2016, and recommended conservative treatment. Mr. Fraley underwent a cervical MRI on August 29, 2016, which showed mild anterolisthesis of C3 on C4, narrowing of the right neuroforamen,

amount for preexisting conditions. Her total impairment assessment for the compensable injury was 3%.

On September 24, 2019, the Office of Judges reversed the claims administrator's grant of a 19% permanent partial disability award and instead granted a 33% award. The Office of Judges noted that Mr. Fraley was previously granted a 3% award for the right shoulder. It also noted that prior to the compensable injury, Mr. Fraley was conservatively treated for cervical pain. After the compensable injury he underwent an authorized cervical discectomy and fusion.

The issue at hand is the amount of permanent partial disability Mr. Fraley is entitled to, and, more specifically, the amount of impairment that should be apportioned due to preexisting conditions. The Office of Judges determined that Mr. Fraley suffered from no definitely ascertainable cervical spine impairment prior to the compensable injury. Dr. Mukkamala apportioned approximately 45% of the impairment while Dr. Bailey apportioned almost all of the impairment for preexisting conditions. The Office of Judges found Dr. Bailey's report to be unreliable. Mr. Fraley underwent a compensable cervical discectomy and fusion, yet Dr. Bailey apportioned all but 3% of the cervical impairment. Dr. Bailey opined that the surgery was necessary only for preexisting conditions; however, Dr. Patel, an orthopedic surgeon, evaluated Mr. Fraley approximately five months before the compensable injury and only recommended conservative treatment. Regarding the right shoulder, Dr. Bailey was the only evaluator of record to apportion all of the right shoulder impairment for preexisting conditions.

The Office of Judges reviewed the two cervical MRIs of record, one taken before the injury and one taken after. It determined that the postinjury MRI shows worsening of Mr. Fraley's cervical spine that cannot be attributable to degenerative changes because the MRIs were taken only five months apart. The Office of Judges noted that Mr. Fraley has not worked since the compensable injury and concluded that whatever mild symptoms he may have been experiencing before the compensable injury did not prevent him from working. The Office of Judges concluded that it was unreasonable to attribute Mr. Fraley's current symptoms to preexisting conditions. The Office of Judges also concluded that there is no reasonable method of apportioning impairment in the record. Based on a preponderance of the evidence, the Office of Judges determined that the report of Dr. Guberman was the most reliable of record. Dr. Guberman declined to apportion his 33% rating, representing 25% for the cervical spine and 10% for the right shoulder.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's grant of a 19% permanent partial disability award on January 30, 2020. The Board of Review found that the Office of Judges' decision was clearly wrong. The Board of Review found that Dr. Guberman's report is less reliable because it appears that he was unaware of medical records documenting cervical spine symptoms prior to the compensable injury. The Board of

---

and mixed spondylotic disc protrusion at C5-6 with bilateral neuroforamen narrowing. Finally, a December 15, 2016, EMG/NCS revealed active left C5-6 radiculopathy with moderate bilateral medial mononeuropathy consistent with carpal tunnel syndrome. There was also evidence of widespread peripheral neuropathy.

4

Review concluded that the evidence establishes that Mr. Fraley had a definitely ascertainable preexisting cervical spine impairment. Therefore, the ratings of Drs. Guberman and Kominsky are not reliable because both physicians declined to apportion the cervical spine impairment. Dr. Bailey's report was also found to be unreliable. She apportioned 22% of the cervical spine impairment for preexisting conditions. The Board of Review found the apportionment to be unsupported by the record. The Board of Review concluded that Dr. Mukkamala's report is the most reliable of record. Accordingly, it reinstated the claims administrator's grant of a 19% permanent partial disability award.

After review, we agree with the reasoning and conclusions of the Board of Review. The issue on appeal is the amount of impairment that should be apportioned for preexisting conditions. In *SWVA, Inc. v. Birch*, 237 W. Va. 393, 399, 787 S.E.2d 664, 670 (2016), this Court held that

> in fixing the amount of a permanent partial disability award for a compensable injury suffered by a workers' compensation claimant who has a noncompensable preexisting definitely ascertainable impairment, the correct methodology pursuant to West Virginia Code §23-4-9b is to deduct the impairment attributable to the preexisting injury from the final whole person impairment rating as determined under West Virginia Code of State Rules § 85-20.

The Board of Review was correct to find that Mr. Fraley had definitely ascertainable preexisting cervical impairment. There are multiple treatment notes and diagnostic imaging reports of record showing that Mr. Fraley suffered from cervical spine symptoms and degenerative conditions prior to the compensable injury. The only physicians of record to apportion for preexisting impairment were Drs. Bailey and Mukkamala. Dr. Bailey's apportionment of nearly all of the impairment for preexisting conditions is unsupported by the evidence of record. The only reliable evaluation in the record is that of Dr. Mukkamala. The Board of Review was correct to affirm the claims administrator's grant of a 19% permanent partial disability award based on Dr. Mukkamala's evaluation.

Affirmed

**ISSUED:** April 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

5